# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| SAGE BROWN, and<br>PATRICIA M. BROWN | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) Case No. CV412-233<br>) |
| True & Associates, Ltd.; True<br>Designs; True Designs, Inc.;<br>True Innovations, Inc.; True North<br>Innovations, Inc.; True North<br>America; True North America, Inc.<br>True Seating Concepts, Inc.<br>True Seating Concepts, LLC;<br>Sam's East, Inc.; Wal-Mart Stores<br>East, LP.; Wal-Mart Stores, Inc., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## ORDER

Plaintiff Sage Brown (a member of this Court's bar) bought an "executive chair" from Sam's East, Inc., d/b/a Sam's Club (Sam's), in Savannah, Georgia. Doc. 1-3 at 1-7. It collapsed on him while he sat in it, injuring him. *Id.* at 7-8. Proceeding *pro se*, he and his wife filed this product liability action against Sam's and related corporate entities, plus the chair's manufacturer. *Id.* at 7 ¶ 20. This Court ordered the parties to

meet Fed. R. Civ. P. 26(f)'s requirements. Doc. 2. Its March 4, 2013 docket entry warned that their Rule 26(f) Report was "due by 5/3/2013."

To date, it has not been filed. Under Rule 26(f)(2),

> [t]he attorneys of record and all unrepresented parties that have appeared in the case are *jointly* responsible for arranging the [Rule 26(f) discovery] conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written [hence, a Rule 26(f)] report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

Fed. R. Civ. P. 26(f)(2) (emphasis added). Also:

> (a) The parties shall confer as provided in Fed. R. Civ. P. 26(f) by the earlier of (i) 21 days after the filing of the last answer of the defendants named in the original complaint or (ii) 45 days after the first appearance by answer or motion under Fed. R. Civ. P. 12 of a defendant named in the original complaint.

S.D. Ga. LR 26.1(a). "Within 14 days after the required conference pursuant to Fed. R. Civ. P. 26(f), the *parties shall submit* to the Court a written report outlining their proposed discovery plan." S.D. Ga. LR 26.1(b) (emphasis added). That means both sides must participate in the Rule 26(f) conference and in the preparation of the joint status report. Parties who are prepared to conduct the Rule 26(f) conference

2

may advise the Court of their inability to do so because of an uncooperative party -- and move for sanctions against that party.[1]

Within 14 days of the date this Order is served, then, the parties shall show cause why sanctions should not be imposed here.[2]

---

[1]  Attached to that motion they may attach their half of the Rule 26(f) Report.

[2]  As the Eleventh Circuit explains:

> the district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order. *See* Fed.R.Civ.P. 41(b); *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). The district court also has inherent authority to sanction parties for "violations of procedural rules or court orders," up to and including dismissals with prejudice. *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir.1987); *see also Betty K Agencies*, 432 F.3d at 1337.

*Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011), cited in 9 WRIGHT & MILLER: FED. PRAC. & PROC. CIV. § 2370 (Apr. 2013). In contrast,

> [d]ismissal *with* prejudice is a sanction of last resort, and only proper if the district court finds "a clear record of ... willful conduct and that lesser sanctions are inadequate to correct such conduct." *Zocaras v. Castro*, 465 F.3d 479, 483–84 (11th Cir.2006) (quotation marks omitted). In contrast, dismissal without prejudice generally does not constitute an abuse of discretion, even for a single, relatively minor procedural violation, because the affected party may re-file his or her action. *See, e.g., Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir.1983) (concluding district court did not abuse discretion in dismissing complaint without prejudice for failure to file court-ordered brief).

*Smith*, 424 F. App'x at 914; *see also* Local Rule 41(b) (authorizing dismissal for neglect of any Court order); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution).

This 5th day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA