# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SAGE BROWN, and
PATRICIA M. BROWN )
)
)
    Plaintiffs, )
)
v. ) Case No. CV412-233
)
True & Associates, Ltd.; True )
Designs; True Designs, Inc.; )
True Innovations, Inc.; True North )
Innovations, Inc.; True North )
America; True North America, Inc. )
True Seating Concepts, Inc. )
True Seating Concepts, LLC; )
Sam's East, Inc.; Wal-Mart Stores )
East, LP.; Wal-Mart Stores, Inc.; & )
Tilton & Associates, Ltd. )
)
    Defendants. )

## ORDER

Plaintiff Sage Brown bought an "executive chair" from Sam's East, Inc., d/b/a Sam's Club (Sam's), in Savannah, Georgia. Doc. 26-1 at 6. It collapsed while he sat in it, injuring him. *Id.* at 7-8. Proceeding *pro se*, he and his wife filed this product liability action against Sam's and related corporate entities, plus the chair's overseas manufacturer. *Id.* at

7-20.[1]  Past filings have addressed plaintiffs' quest to locate the manufacturer. Deadlines have been extended to accommodate plaintiffs' discovery needs. And delays have occurred. *See, e.g.*, doc. 16 (order directing that the parties show cause within 14 days why sanctions should not be imposed for failing to comply with Fed. R. Civ. P. 26(f)(2)), *reported at* 2013 WL 2456269; doc. 48 (denying plaintiffs' motion to extend the time for filing an expert witness report).

Against this background, plaintiffs want more time to complete discovery, which ended December 12, 2013. Doc. 24 at 2. They say that they were not able to serve the chair's manufacturer with process until November 27, 2013, and their "ultimate success" in achieving that milestone was the result of their "timely action upon receipt of the Wal-Mart Defendants' first discovery responses on November 18, 2013." Doc. 49 at 3. Plaintiffs specify no time limit to their motion.

---

[1] "The essence of the Wal-Mart Defendants' defenses is that the Wal-Mart Defendants are not the manufacturer of the subject office chair. During the time that the chair was received from the manufacturer and placed out for sale at the Sam's Club location where Mr. Brown purchased it, there was no action by the Wal-Mart Defendants which caused any damage to the chair. Accordingly, the Wal-Mart Defendants cannot be liable under a products liability theory." Doc. 34 (defense portion of Joint Status Report) at 2-3; *see also id.* at 3 & 8 (noting other defenses).

In response, Wal-Mart reminds that it is not responsible for the plaintiffs' own delay in locating the manufacturer. Indeed, they did not even seek to serve "many of the defendants until nine months after their complaint was filed." Doc. 51 at 4. And the chair manufacturer's identity could have been easily obtained from an internet search. *Id.* Too, plaintiffs did not bother to serve Wal-Mart with written discovery until October 3, 2013. *Id.* at 5. On top of that, plaintiffs' own agent located the manufacturer in April 2013. *Id.* at 5-6. And Wal-Mart *never* identified the manufacturer, plaintiffs' agent did. *Id.* at 6. So at every step, Wal-Mart points out, plaintiffs have been less than diligent.

Wal-Mart nevertheless consents to a 60-day extension, and affirms that it agrees to no other extension, including the (already ruled upon) time for tending an expert witness. Doc. 51. The Court finds it significant that plaintiffs have not rebutted Wal-Mart's no-diligence showing. Suffice it to say that they show no good cause here.[2] Again, the

---

[2] The good cause requirement of Fed. R. Civ. P. 16(b) applies here. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1231-32 (11th Cir. 2008); *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Plaintiffs thus must show good cause for modifying a scheduling order; to proceed directly to the merits of an untimely filed motion "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419. To show Rule 16(b) good cause, plaintiffs

Court's June 24, 2013 Scheduling Order "imposed liberal scheduling deadlines" which the parties were "expected to treat . . . seriously." *Id.* at 2; *see also* doc. 48 at 3 (order denying additional time for plaintiffs to file their expert witness report, and reminding them of that earlier warning). It thus would be within this Court's discretion to deny plaintiffs' additional-time request. Nevertheless, the Court grants their motion, limiting discovery to the chair's manufacturer, to expire on the 60th day following the date this Order is served.

Meanwhile, plaintiffs also move to compel discovery responses from Wal-Mart. Doc. 50. That motion is denied, as the Court credits Wal-Mart's representation that it in fact has turned over the requested discovery and is diligently supplementing it. (Wal-Mart says it is voluminous and expensive, but its production will enable plaintiffs to view and print them as needed, doc. 52 at 4.) The Court also credits Wal-Mart's showing that plaintiffs were slack in sending it written discovery requests in the first place. Doc. 54 at 1-2.

---

must demonstrate that they could not meet the scheduling deadline despite their diligent efforts to do so. *Oravec,* 527 F.3d at 1232.

To summarize, the Court **GRANTS** plaintiffs' time-extension motion (doc. 49), subject to the limitations set forth above. However, it **DENIES** plaintiffs' motion to compel. Doc. 50.

**SO ORDERED**, this 6th day of January, 2014.

_/s/ N. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA