# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

SAGE BROWN, and )
PATRICIA M. BROWN )
                  )
    Plaintiffs, )
                  )
v. )
                  )
True & Associates, Ltd.; True )
Designs; True Designs, Inc.; )    Case No. CV412-233
True Innovations, Inc.; True North )
Innovations, Inc.; True North )
America; True North America, Inc. )
True Seating Concepts, Inc. )
True Seating Concepts, LLC; )
Tilton & Associates, Ltd. )
                  )
    Defendants. )

## REPORT AND RECOMMENDATION

The Court dismissed the Sam's Club and Wal-Mart defendants from this defective-chair case on November 5, 2014. Doc. 76. Since then, there has been no litigation activity, despite the fact that the stay this Court granted (for plaintiff Sage Brown's health problems) expired on February 4, 2015. Doc. 75. And with one exception, none of

remaining defendants has ever been served.[1]  So, the Court directed

plaintiffs to show why the remainder of this case should not be dismissed

without prejudice under Fed. R. Civ. P. 4(m) and 41(b).  Doc. 77.

In response, plaintiffs cite Sage Brown's new health problems, then

remind the Court that they had served -- and the Clerk entered default

against -- Tilton & Associates, Ltd.  Doc. 78; *see also* doc. 59 (entry of

default).  They move for a hearing to determine default damages against

Tilton, per Fed. R. Civ. P. 55(b)(2)(B).[2]  *Id.* at 4.  Of course, nothing

prevented plaintiffs from pursuing a default judgment against Tilton as

---

[1]  The Court's last Order erroneously implied that all of the remaining defendants remained unserved.  Doc. 77 at 1.

[2]  Rule 55(b)(2) authorizes a district court to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading.  Rule 55(b)(2).  Rule 55 deploys a two-step process:

First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed. R. Civ. P. 55(a). Second, and in general, after receiving the clerk's default, the court, or in some instances the clerk, may enter a default judgment against the defendant for not appearing. *See* Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade and Shutter Corp., Inc. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

*Kennedy v. National Asset & Risk Management, LLC*, 2014 WL 1293528 at * 1 (M.D. Fla. Mar. 28, 2014).

early as January 14, 2014, doc. 59, the day the Clerk entered default.[3]
And since they evidently have (by their silence) abandoned their efforts
to pursue the remaining named but un-served defendants, that part of
their case should be dismissed. *See* Rule 41(b); LR 41.1(c) (authorizing
*sua sponte* dismissal for "[a]ny other failure to prosecute a civil action
with reasonable promptness").

Accordingly, the Court should **DISMISS WITHOUT
PREJUDICE** all but the Tilton & Associates, Ltd., defendant. The
plaintiffs shall, within 21 days of the date this Report and
Recommendation is served, file a fully supported *motion* for a default
judgment pursuant to Rule 55.[4] They are reminded of the liquidated and
unliquidated damages distinctions relevant in this area, *see, e.g.*, *Patray*,
931 F. Supp. at 869-70; *Broadcast Music, Inc. et al v. GATA'S Statesboro,
LLC*, CV614-121, doc. 12 (S.D. Ga. Apr. 17, 2015) (example of a

---

[3] *See FDIC v. Spartan Mining Co.*, 96 F.R.D. 677, 679 (S.D.W.Va. 1983) (entry of and default judgment entered the same day), *aff'd*, 731 F.2d 1134 (4th Cir. 1984), cited in *Patray v. Northwest Pub., Inc.*, 931 F. Supp. 865, 868 (S.D. Ga. 1996).

[4] They should not file a "response to court order." *See* Fed. R. Civ. P. 7(b)(1) (a request for an order -- hence, judicial relief -- must be made by a motion). A "motion" also gets entered on this Court's "Pending Motions" list, while a "response" does not.

liquidated-damages based, default-judgment motion), as well as the double-recovery rule. *See U.S. ex rel. Kirby Bldg. Systems, LLC v. Gator Steel Bldgs., Inc.*, 2014 WL 840985 at * 5 (S.D. Ga. Mar. 3, 2014). Finally, and for docket-clearing purposes only, plaintiffs' motion for a leave of absence, doc. 72, is **DENIED** as moot.

**SO REPORTED AND RECOMMENDED** this  28th  day of April, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA